UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cr-00157-JRS-MJD |
| | ) | |
| RONNIE BARRY BRASHER, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order on Psychiatric or Psychological Examination and Report**

Defendant Ronnie Brasher appeared pro se in this Court on August 27, 2025, for an Accept/Reject Hearing.  During that hearing, the Court observed Defendant's demeanor and responsiveness to questions, and based on that observation and further reflection, now determines further inquiry into his competency is appropriate.

18 U.S.C. § 4241 instructs the Court to order a competency hearing on its own motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  To establish reasonable cause, "[t]here must be . . . evidence of incompetence presented to the judge or some conduct of the defendant implying incompetence."  *Chichakly v. United States*, 926 F.2d 624, 633 (7th Cir. 1991).  To hold a hearing sua sponte, the trial judge must have "reasonable cause to believe that [Defendant] was not mentally competent to understand" the crime he was being prosecuted for and its consequential

conviction and prison sentence. *United States v. Collins*, 949 F.2d 921, 924 (7th Cir. 1991). Determining the need for further fitness inquiries can be difficult, but "there must be some manifestation, some conduct, on the defendant's part to trigger a reasonable doubt of his competency." *Id.*

The statute instructs the Court that it may order a psychiatric or psychological examination prior to the competency hearing. 18 U.S.C. § 4241(b). It also provides for the court to commit a person to the custody of the Attorney General and describes the necessary contents of the report. 18 U.S.C. § 4247(b), (c).

District courts are only "required to order an examination or a competency hearing [when] there is a bona fide doubt that arises as to a defendant's competency before trial." *United States v. Woodard*, 744 F.3d 488, 493 (7th Cir. 2014) (citing *United States v. Andrews*, 469 F.3d 1113 (7th Cir. 2006). "Reasonable doubt" is considered under an objective test. *Woodard*, 744 F.3d at 493 (citing *Collins*, 949 F.2d at 924). Here, the Court has genuine doubts whether the Defendant can understand the nature and consequences of the proceedings against him and whether he is competent to proceed to trial. Mental competency is required for trial. *United States v. Wessel*, 2 F.4th 1043, 1053 (7th Cir. 2021) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *Collins*, 949 F.2d at 924 ("[D]ue process requires a defendant to be competent to stand trial.")).

At the August 27 hearing, Defendant suggested that probation or time served might be appropriate penalties for three counts of arson, showing a lack of understanding of the consequences of the proceeding. Defendant compared this case

to stealing a Pepsi. These statements suggest that Defendant may not "understand that he was being prosecuted for [felonies], which could result in a conviction and prison sentence." *See Collins*, 949 F.2d at 924. Although standby counsel agreed with the government that Mr. Brasher generally understood the roles of those involved in the process, he could not affirmatively state that Defendant was competent for trial. Indeed, knowing the roles does not cure Defendant's demonstrated lack of appreciation of the significant statutory minimum sentence laid before him. Also, standby counsel has had limited access to Defendant due to Defendant's desire to represent himself. Defendant insisted that he could not trust lawyers based on his past experiences and needed to represent himself, despite still having counsel in a case based on the same facts in state court. *Indiana v. Brasher*, No. 41C01-2506-F4-000055 (Johnson Cir. Ct. June 3, 2025). This state court proceeding is instructive as it supports the Court's own observations of the Defendant's failure to understand at least the consequences of the proceedings against him.

In the state court proceeding based on the same conduct, Defendant, through counsel, moved for a competency examination. Combined Notice of Insanity Defense and Hr'g to Determine Competence to Stand Trial, *Brasher*, No. 41C01-2506-F4-000055 (Johnson Cir. Ct. July 14, 2025). The judge in that case ordered a competency and sanity evaluation the same day. (Order for Competency/Sanity Evaluation, *Brasher*, No. 41C01-2506-F4-000055 (Johnson Cir. Ct. July 14, 2025). Defense counsel in that case stated the "belief that the Defendant lacks ability to understand

3

the proceedings and assist in the preparation of his defense," which the Johnson County Circuit Court considered in ordering its own examination. The opinion of counsel that has actually been defending Mr. Brasher, and the judge's order in the state court case not only support this Court's observations, but also raise further doubts about Defendant's competency if he were to proceed to trial in federal court. *See United States v. Hofschulz*, No. 18-cr-145-pp, 2020 WL 832899, at *16–17 (E.D. Wis. Feb. 20, 2020) (quoting *Drope v. Missouri*, 420 U.S. 162, 177 n.13 (1975) (noting that although a court need not accept a "a lawyer's representations concerning the competence of h[er] client," the lawyer's "expressed doubt" about the defendant's competence "is unquestionably a factor which should be considered") (citation modified). The exam ordered by the state court has not occurred yet because Defendant was writted into federal custody by writ of habeas corpus ad prosequendum. (ECF No. 15.)

Considering the Court's observations of the Defendant during the August 27, 2025, hearing, and taking into account the state court's order for an evaluation, the Court has a bona fide doubt as to Defendant's competency. Such doubt must be resolved by ordering an examination before proceeding further.

**IT IS THEREFORE ORDERED:**

(1) Defendant Ronnie Brasher be committed to the custody of the U.S. Attorney General or her designee for transfer to a suitable facility for a psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241 and 4247. The facility designated by the Attorney General should be a facility where Defendant's current

medical condition can be evaluated and he can receive appropriate treatment if necessary.

(2) The examination shall be conducted by licensed or certified psychiatrists or clinical psychologists to determine whether he is mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) The designated medical facility and the medical practitioners, pursuant to this order, are authorized to conduct all necessary physical and mental examinations and/or treatment of any physical or mental diseases or sicknesses, which they may diagnose during the examinations, evaluations, and testing necessary to comply with the orders of the court.

(4) At the conclusion of the examination, a psychiatric or psychological report shall be filed with the Court pursuant to 18 U.S.C. § 4247(c).

(5) The Court expressly notes that the order in this case is subject to the statutory requirement of 30 days under Section 4247(b) unless extended thereunder. In the event that the medical staff finds that Defendant's current medical condition requires treatment before an examination and evaluation can be conducted pursuant to 18 U.S.C. §§ 4241 and 4247, the time for carrying out that examination and evaluation shall not begin until the medical staff has determined Defendant's present physical or mental condition is sufficiently stable to carry out a proper examination and evaluation.

(6) At the conclusion of the proceedings described above, Defendant shall be returned to the Southern District of Indiana for further proceedings, including a competency hearing.

It is further **ordered** that the U.S. Marshal Service transport Defendant Brasher to and from the facility.

The period of delay resulting from the proceedings, including but not limited to examinations, to determine Defendant's mental competency is excludable under the Speedy Trial Act under 18 U.S.C. §3161(h)(1).

**SO ORDERED.**

Date:     9/5/2025

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

RONNIE BARRY BRASHER
USM #98006-511
Henderson County Detention Center
380 Borax
Henderson, KY 42420

U.S. Marshal

Peter A. Blackett
DOJ-USAO
peter.blackett@usdoj.gov

Pamela S. Domash
DOJ-USAO
pamela.domash@usdoj.gov

Dominic David Martin
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org